IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:24-CV-154-BO-KS

| | |
|---|---|
| DUANE ASHMON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAULA S. DANCE, in her official capacity )<br>as Sheriff of Pitt County, and UNKNOWN )<br>SURETY COMPANY, as surety, )<br>)<br>Defendants. ) | O R D E R |

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Kimberly A. Swank recommending dismissal of plaintiff's complaint. Plaintiff has filed an objection, defendant has responded to the objection, and the matter is ripe for disposition. For the reasons that follow, Magistrate Judge Swank's recommendation is adopted and the complaint is dismissed.

BACKGROUND

Plaintiff instituted this action against the Sheriff of Pitt County in her official capacity alleging federal and state constitutional claims arising from his detention at the Pitt County Detention Center on June 3 and 4, 2021. Plaintiff was arrested in Pitt County, North Carolina on June 3, 2021, in connection with a Wake County case charging him with violating a domestic violence protective order. Plaintiff was transported to Wake County on June 5, 2021. While he was in custody in Pitt County, a state magistrate issued a preliminary commitment order which required that plaintiff be produced at the first session of district or superior court in Pitt County, or before a magistrate at 10:30 p.m. on June 5, 2021, if no court session was held before then.

Plaintiff was not brought before a judge or magistrate for a first appearance prior to his arrival in Wake County, despite there having been a session of Pitt County District Court on June 4, 2021. On October 27, 2021, a Wake County district judge dismissed the charges against plaintiff due to the delay in his post-detention hearing. Plaintiff alleges that the Pitt County deputy sheriff who was responsible for transporting defendants for first appearances did not know that plaintiff was required to appear at the first available session of court. Plaintiff has alleged claims under the North Carolina Constitution and under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights under the United States Constitution. *See* [DE 1].

Defendant Dance moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responded in opposition, defendant Dance replied, and the motion was referred to Magistrate Judge Swank pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Swank has recommended that the Court grant defendant Dance's motion to dismiss, decline to exercise jurisdiction over the claims arising under the North Carolina Constitution, and dismiss the complaint.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On

clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The memorandum and recommendation (M&R) recommends that defendant Dance's motion to dismiss be granted because plaintiff's § 1983 claims against Dance are time-barred and plaintiff has otherwise failed to state a § 1983 claim. The M&R recommends that the Court decline to exercise supplemental jurisdiction over the state law claims and that the claims against the Unknown Surety defendant be dismissed. Plaintiff has filed three objections. First, plaintiff argues that his § 1983 claims are not time-barred. Second, plaintiff argues that Magistrate Judge Swank improperly applied summary judgment or trial standards to the motion to dismiss. Third, plaintiff argues that he has plausibly alleged a failure to train claim attributable to defendant Dance's deliberate indifference.

Plaintiff's § 1983 claims are time-barred. The instant complaint was filed on October 24, 2024. The statute of limitations applicable to a § 1983 claim is the state-law statute of limitation for personal-injury actions. *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). In North Carolina, the statute of limitations for personal injury actions is three years. N.C. Gen. Stat. § 1-52(5). "Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of a federal action is a question of federal law. Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Perry v. Pamlico Cnty.*, 88 F. Supp. 3d 518, 529–30 (E.D.N.C. 2015) (internal citations omitted).

Plaintiff contends that the statute of limitations begins when his criminal charges were dismissed on October 27, 2021, because, until that time plaintiff, was not aware that his detention in Pitt County was unconstitutional. But the injury about which plaintiff complains ended on June

3

5, 2021, when plaintiff was transferred to Wake County custody. As the magistrate judge correctly recognized, unlike other causes of action, plaintiff's claims do not require the termination of the criminal proceedings in plaintiff's favor before he could file suit. *See McDonough v. Smith*, 588 U.S. 109, 118 (2019). Thus, irrespective of whether plaintiff knew the legal significance of his failure to be brought for a first appearance in Pitt County, he knew or had reason to know of his injury at the latest when he was transferred to Wake County custody on June 5. "[A] cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *Owens*, 767 F.3d at 389 (4th Cir. 2014) ("standard rule that accrual occurs when the plaintiff has a complete and present cause of action against a defendant—that is, when the plaintiff knows or has reason to know of his injury."). Plaintiff's Fourth and Fourteenth Amendment claims are time barred, as they were filed more than three years from June 5, 2021.

Next, the M&R did not hold plaintiff to a summary judgment or trial standard. Magistrate Judge Swank correctly cited cases for their recitation of the elements of a cause of action; while the burdens at the Fed. R. Civ. P. 12(b)(6) stage and the Fed. R. Civ. P. 56 stage are different, the elements of a cause of action, and thus what plaintiff must plausibly allege in his complaint, remain the same. *See Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017).

Finally, the M&R correctly concludes that plaintiff has failed to plausibly allege a failure to train claim based upon his allegation that "Deputy Brent Johnson stated he was 'unaware' that the law required a first appearance at the first session of District or Superior Court in the county." Compl. ¶ 22. Plaintiff contends that by alleging that Deputy Johnson was *unaware* of this requirement, plaintiff has plausibly alleged a fundamental failure by Sheriff Dance to train her deputies.

4

Dance has been named only in her official capacity, which means plaintiff's claims are, in essence, alleged against Pitt County. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). And, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Under "the so-called *Canton* exception," *Estate of Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020), where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, [] the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 at 390.

To plausibly allege that the county is liable for the failure to train, plaintiff must plausibly allege that the relevant policymakers were both "aware of, and acquiesced in, a pattern of constitutional violations." *Lytle v. Doyle*, 326 F.3d 463, 474 (4th Cir. 2003) (quoting *City of Canton*, 489 at 397). In his complaint, plaintiff has identified one allegedly unconstitutional incident. "It is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes." *Lytle*, 326 F.3d at 473. Moreover, even a finding that a particular officer was not satisfactorily trained or that he could have had more or better training is not sufficient to impose liability on the municipality. *City of Canton*, 489 U.S. at 390-91. Finally, plaintiff has not alleged that "any deficiency in training reflected a deliberate or conscious choice" by the county. *Est. of Jones*, 961 F.3d at 672 (cleaned

5

up, citation omitted). Plaintiff has failed to plausibly allege a failure to train claim against defendant Dance in her official capacity.

Having considered those portions of the M&R to which plaintiff has raised specific objections de novo, the Court finds that dismissal of plaintiff's § 1983 claims is warranted. Plaintiff has not objected to any other portion of the M&R. The Court has reviewed the remainder of the M&R for clear error and finds none.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objections to the memorandum and recommendation are OVERRULED and the memorandum and recommendation [DE 20] is ADOPTED in full. Defendant's motion to dismiss [DE 9] is GRANTED. Plaintiff's federal claims are DISMISSED. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and those claims are DISMISSED without prejudice. The clerk is DIRECTED to close the case.

SO ORDERED, this **30** day of September 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE